**WILDLANDS CPR, a non-profit organization, Friends of the Bitterroot, a non-profit organization, Plaintiffs,**

v.

**Tom TIDWELL, in his official capacity as Regional Forester for the United States Forest Service, Region One, The United States Forest Service, an agency of the United States Department of Agriculture, and the United States Department of Agriculture, a federal department, Federal–Defendants.**

**No. CV 09–75–M–DWM.**

United States District Court, D. Montana, Missoula Division.

Aug. 11, 2009.

Matthew Kellogg Bishop, Helena, MT, Sarah K. McMillan, Missoula, MT, for Plaintiffs.

Mark Steger Smith, Office of the U.S. Attorney, Billings, MT, for Federal–Defendants.

## ORDER

DONALD W. MOLLOY, District Judge.

Plaintiffs filed this action in the Missoula Division of the Federal District Court for the District of Montana, challenging the United States Forest Service's decision to groom 158 miles of snowmobile trails in the Beaverhead–Deerlodge National Forest. Defendants move to reassign the action to the Butte Division.

In support of the motion to reassign, Defendants cite Local Rule 1.11(a)(1): "[A]ll civil cases are assignable to any Division containing a county in which venue would be proper under the laws of the State of Montana." In light of this provision, Defendants apply Mont.Code Ann. § 25–2–125 (2008), which governs venue for actions involving Montana state agencies. Analogizing federal agencies (e.g., the Forest Service) to state agencies, Defendants claim this action must be assigned to a division which contains "the county where the cause or some part thereof arose." *See* Mont.Code Ann. § 25–2–125. They assert the Beaverhead–Deerlodge National Forest is in a county in the Butte Division and the decision to groom the trails

was made in a county in the Butte Division, thus making the Butte Division proper for this action.

Federal law governing venue for civil actions provides that an action against a federal officer or an agency of the United States "be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). While § 1391 is silent as to the selection of divisions within a district, the law is intended to "provide for nationwide venue for the convenience of individual plaintiffs in actions which are ... against the [federal] government." *Stafford v. Briggs,* 444 U.S. 527, 542, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). The inconvenience and expense to Plaintiffs a transfer to the Butte Division would cause argues against Defendants' interpretation of the local rule.

Moreover, Defendants' argument rests on the analogy of Montana State agencies to federal agencies. If the analogue is legally sound then a federal action against a federal agency is subject to Mont.Code Ann. § 25–2–125, for purposes of determining division, as a state action against a state agency is subject to the same statute for purposes of determining venue. The analogy implies a federal district's local rules may allow a state legislature to determine the division assignments of federal actions against federal agencies. The obvious implausibility of this implication belies the reason Defendants cite no legal authority in support of their assertion that federal agencies are treated as state agencies in this context.

Defendants have not shown good cause for a transfer of division, and the current assignment is consistent with the intent of federal law to "provide for nationwide venue for the convenience of individual plaintiffs in actions which are ... against the [federal] government." *Stafford v. Briggs,* 444 U.S. 527, 542, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). The Forest Service headquarters for the District of Montana is housed in the building across the street from the courthouse. Plaintiffs

chose to file this action in the Missoula Division, and it will remain here.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Reassignment (dkt # 4) is DENIED.